Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JENIFFER VÁZQUEZ FEBUS<br><br>Recurrida<br><br>V.<br><br>IRVEN DENYS RAMOS RIVERA<br><br>Peticionario | KLCE202300944 | *Certiorari* procedente del Tribunal de Familia y Menores, Sala de Bayamón<br><br>Caso Núm.: BY2023RF00760 (4001)<br><br>Sobre: DIVORCIO- RUPTURA IRREPARABLE |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El peticionario, Irven Ramos Rivera, solicita que revisemos la resolución en la que el Tribunal de Primera Instancia resolvió que su incumplimiento con el descubrimiento de prueba constituyó una presunción de aceptación de capacidad económica.

Los hechos esenciales para comprender la determinación que hoy tomamos se incluyen a continuación.

**I**

La recurrida, Jennifer Vázquez Rivera, presentó una demanda de divorcio contra el peticionario. El 16 de mayo de 2023, el TPI estableció la pensión alimentaria provisional de $520.00 mensuales estipulada en beneficio del hijo menor de edad procreado durante el matrimonio. Véase, pág. 182 del apéndice.

La Examinadora de Pensión Alimentaria (EPA) señaló la vista final para el 10 de agosto de 2023 y estableció el 17 de julio de 2023, como la fecha para terminar el descubrimiento de prueba. Las partes fueron advertidas de que tenían hasta esa fecha para cuestionar el descubrimiento de prueba y que de no hacerlo se entendería que renunciaron.

La recurrida solicitó la anotación de rebeldía del peticionario porque no contestó la demanda a tiempo. El 10 de julio de 2023, el peticionario presentó la contestación de la demanda y ese día, el TPI anotó la rebeldía en su contra. Véase, pág. 167 del apéndice. La vista de divorcio se señaló para el 18 de agosto de 2023. Véase, pág. 162 del apéndice.

El 14 de julio de 2023, el peticionario pidió reconsideración de la anotación de rebeldía. La recurrida se opuso y alegó que el peticionario incumplió con el descubrimiento de prueba. La señora Vázquez argumentó que le envió el descubrimiento de prueba al peticionario el 20 de junio de 2023. No obstante, adujo que habían transcurrido más de treinta días, sin que el peticionario contestara ni presentara su Planilla de Información Personal Económica (PIPE). Véase, pág. 151 del apéndice. El peticionario alegó que el 21 de julio de 2023 notificó a la recurrida que estaba recopilando la información solicitada y que le estaba haciendo llegar la contestación. Véase, pág. 147 del apéndice. Así las cosas, el 25 de julio de 2023, el TPI levantó la anotación de rebeldía del peticionario. Véase, pág. 144 del apéndice.

El 1 de agosto de 2023, la recurrida notificó que presentó la PIPE y pidió el desalojo del peticionario de la propiedad comunal y que se declarara hogar seguro. Tres días después, el 3 de agosto de 2023, la recurrida presentó *Moción solicitando orden,* en la que informó que aun el peticionario no había presentado la PIPE, a pesar de que la vista era el 10 de agosto de 2023. Además, adujo que el peticionario contestó tardíamente el descubrimiento de prueba, solo contestó algunas preguntas y se negó a entregar sus estados bancarios y sus transacciones de ATH Móvil, alegando que no eran pertinentes. Argumentó que el incumplimiento del peticionario con el descubrimiento de prueba constituye una aceptación de capacidad económica. Por esa razón pidió al TPI que determinara que el

peticionario asumió capacidad económica para el pago de la pensión alimentaria. Véase, pág. 100 del apéndice.

El 6 de agosto de 2023, el TPI determinó que el incumplimiento del peticionario con el descubrimiento de prueba constituye una presunción de que asumió la capacidad económica. Esta determinación se notificó el 8 de agosto de 2023. Véase, pág. 98 del apéndice.

El 8 de agosto de 2023, el peticionario presentó *Moción informativa en torno a moción solicitando orden radicada por la parte demandante,* en la que alegó que la recurrida informó que no había cumplido con el descubrimiento de prueba, a sabiendas de que lo había hecho. El padre pidió la transferencia de la vista de alimentos, debido a que era la madre quien no había cumplido el descubrimiento de prueba. Por último, argumentó que el tribunal debió darle la oportunidad de expresarse, antes de imponerle una sanción tan drástica. La moción tiene anejada evidencia sobre los ingresos del peticionario. Véase, págs. 93 y 95 del apéndice.

Por su parte, la recurrida presentó el 8 de agosto de 2023, *Urgente moción en oposición a moción informativa en torno a descubrimiento de prueba y en solicitud de transferencia de vista.* Alegó que no había transcurrido el término que tenía para contestar el interrogatorio que le envió el peticionario, informó que estaba enviándole sus contestaciones juramentadas y la evidencia solicitada. Además, negó que no hubiese entregado la PIPE, se opuso a la suspensión de la vista y solicitó que se impusiera el pago de honorarios al peticionario y que se le ordenara a no seguir dilatando el pleito. Véase, pág. 90 del apéndice.

El peticionario replicó la *Urgente moción en oposición a moción informativa en torno a descubrimiento de prueba y en solicitud de transferencia de vista.* Reconoció que no advirtió que la recurrida presentó la PIPE y pidió la suspensión de la vista de alimentos, debido

a que no había podido revisar las contestaciones al descubrimiento de prueba. Véase, pág. 87 del apéndice.

El TPI sostuvo la vista de alimentos para la fecha señalada, el 10 de agosto de 2023. Véase, pág. 29 del apéndice.

Aun inconforme, el 9 de agosto de 2023, el peticionario presentó *Urgente moción de reconsideración* sobre la presunción de aceptación de capacidad económica. El peticionario alegó que el 3 de agosto de 2023 envió un correo electrónico a la recurrida con la evidencia de sus ingresos. No obstante, argumentó que objetó el descubrimiento de sus estados bancarios y transacciones de ATH Móvil, porque no eran pertinentes. Alegó que el mero hecho de objetar preguntas del interrogatorio no significa que incumplió el descubrimiento de prueba. Invocó la aplicación de la Regla 30 de Procedimiento Civil, 32 LPRA Ap. V, que le confiere ese derecho. Además, adujo que el 1 de agosto de 2023 le informó a la recurrida que estaba trabajando con las peticiones objeto del descubrimiento de prueba. Insistió en que el TPI no debió imponerle una sanción tan drástica, sin darle la oportunidad de expresarse. Véase, pág. 77 del apéndice.

El 10 de agosto de 2023, el peticionario presentó *Moción informativa en torno a descubrimiento de prueba,* en la que alegó que cumplió con el descubrimiento de prueba y reiteró la solicitud de posposición de la vista de alimentos. Véase, pág. 44 del apéndice.

Por su parte, la recurrida anejó la evidencia que utilizaría en la vista de alimentos, e insistió en que el peticionario aún no había presentado su PIPE ni evidenciado sus ingresos. Véase, págs. 20 y 30 del apéndice. El TPI tomó conocimiento de lo informado.

El 11 de agosto de 2023, un día después de la vista de alimentos, el peticionario informó que no asistió a la vista ante la EPA porque tenía una cita médica y nuevamente pidió la suspensión de la vista señalada, esta vez, para el 18 de agosto de 2023. Véase, pág. 17

del apéndice. El TPI reseñaló la vista del 18 de agosto para el 6 de septiembre de 2023.

La recurrida reiteró su solicitud para que el tribunal no dejara sin efecto la determinación de aceptación de capacidad económica del peticionario. Véase, pág. 6 del apéndice.

Así las cosas, la EPA presentó su informe sobre la pensión provisional. La vista se realizó el 10 de agosto de 2023. La recurrida compareció con su representación legal. El peticionario estuvo representado por su abogado. El TPI acogió el informe de la Examinadora y conforme la estipulación presentada por ambas partes y ordenó al peticionario el pago de una pensión alimentaria de $730.00, mensuales a razón de $365.00 quincenales, conforme a la estipulación presentada por ambas partes, a aportar el 50% de los gastos médicos no cubiertos por el plan médico y del pago de los gastos extraordinarios. Véase, pág. 3 del apéndice.

Finalmente, el 18 de agosto de 2023, el TPI se negó a reconsiderar la determinación de capacidad del peticionario.

Inconforme, el peticionario presentó este recurso en el que alega que:

> ERRÓ EL HONORABLE TRIBUNAL AL DECLARAR NO HA LUGAR LA URGENTE MOCIÓN DE RECONSIDERACIÓN RADICADA POR LA PARTE AQUÍ PETICIONARIA Y EN SU CONSECUENCIA MANTENER LA RESOLUCIÓN EMITIDA EL 8 DE AGOSTO DE 2023 DONDE ORDENA A QUE SE PRESUMA QUE LA PARTE DEMANDADA ACEPTÓ CAPACIDAD ECONÓMICA EN EL PRESENTE CASO.

**II**

**A.**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491), hoy conocido como Ley de Recursos Extraordinarios; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de*

*Leon Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil. Advertimos que esta regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de certiorari solamente será expedido:

> … para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

El tribunal solo considerara las mociones sobre controversias relacionadas al descubrimiento de prueba, cuando el promovente certifique de forma particularizada que realizó esfuerzos razonables con la representación legal de la parte adversa para resolver los asuntos planteados. El promovente además deberá demostrar que actuó con prontitud y buene fe y que todos sus esfuerzos fueron infructuosos. Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V.

Luego de evidenciar el cumplimiento de la Regla 34.1, *supra,* el promovente podrá solicitarle al tribunal que ordene a la promovida descubrir la prueba. Regla 34.2 de Procedimiento Civil. 32 LPRA Ap. V.

La Regla 34.3, 32 LPRA Ap. V, establece las consecuencias de no obedecer una orden de descubrimiento de prueba. La sanciones incluyen el desacato y todas aquellas órdenes que sean justas, entre ellas: (1) que las materias comprendidas sean consideradas probadas,

(2) una orden para impedir que la parte que incumple se sostenga u oponga a determinadas reclamaciones o defensas o para prohibirle presentar determinada materia en evidencia, (3) eliminar alegaciones o parte de ellas, (4) suspender todos los procedimientos posteriores hasta que la orden sea acatada, (5) desestimar el pleito o procedimiento, o cualquier parte de ellos, (6) dictar sentencia en rebeldía, (7) considerar como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes excepto una orden para someterse a examen físico o mental, (8) sanciones económicas a cualquier parte, testigo, y representante legal, (9) los gastos incurridos incluyendo honorarios, salvo que se demuestre una justificación válida para el incumplimiento.

Por su parte, la Regla 44.2, *supra,* autoriza al tribunal a imponer costas y sanciones interlocutorias y económicas en todo caso y en cualquier etapa, contra una parte o su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la administración eficiente de la justicia.

El Tribunal Supremo de Puerto Rico reconoció en *HRS Erase v. CMT,* 205 DPR 659, 700-702, 709 (2020), la imposición de sanciones drásticas por incumplir el descubrimiento de prueba. No obstante, advirtió que no deben utilizarse livianamente y que primero hay que recurrir a otras sanciones menos severas. Por ejemplo, una sanción tan severa como la desestimación debe ser de uno de los últimos recursos a utilizarse y solo procederá después de que otras sanciones menos drásticas han sido ineficaces. La imposición de una sanción tan drástica tampoco procede sin un previo apercibimiento a la parte. El foro judicial en primera instancia debe sancionar a la representación legal de la parte que ha incumplido el descubrimiento de prueba. Si esa sanción no produce efectos deberá notificar propiamente a la parte para cerciorarse de que está debidamente

informada de la situación y de los efectos de no tomar alguna acción correctiva. La notificación adecuada es un componente medular de la administración de la justicia y del debido proceso de ley, porque brinda a las partes la oportunidad conocer realmente la determinación tomada. Además, les da a las personas cuyos derechos pudieran verse transgredidos, la oportunidad de decidir ejercer los remedios que la ley les concede. Por esas razones, la falta de una notificación adecuada trastoca el debido proceso de ley. No obstante, si la parte continúa incumpliendo o no toma acción alguna, los tribunales pueden acudir a sanciones severas como la desestimación o eliminación de las alegaciones.

### C.

La obligación de alimentar a los menores se fundamenta en el derecho a la vida, configurado como un derecho inherente a la persona. Derecho revestido del más alto interés público. 8 LPRA sec. 502. En ocasiones, como la de la presente controversia, de ordinario ambos padres están obligados a contribuir al mantenimiento de sus hijos menores de edad en función de sus patrimonios individuales. El pago de la pensión se repartirá entre ambos padres en una cantidad que sea proporcional a sus respectivos caudales. 31 LPRA sec. 7546. No obstante, cuando el padre o la madre alimentante admite que tiene recursos económicos suficientes para satisfacer sus obligaciones alimentarias de sus hijos, es decir, cuando asume capacidad económica, no es necesario cumplir el trámite provisto en la Ley Orgánica de la Administración para el Sustento de Menores y las Guías. *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 173 (2016); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 565 (2012). Ahora bien, una vez se acepta capacidad económica, procede determinar la suma justa y razonable de pensión alimentaria tomando en consideración la condición económica y el estilo de vida del alimentante, en unión a las necesidades de los alimentistas,

incluyendo en estas el estilo de vida al cual estaban acostumbrados. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 719-720 (2022); *Pesquera Fuentes v. Colón Molina,* 202 DPR 93, 111 (2019); *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 566 (2012) citando a *Chévere Mouriño v. Levis Goldstein,* 152 DPR 492, 505 (2000). El o la alimentante estará impedido de impugnar la pensión fijada, conforme a las necesidades del o de la alimentista, alegando no contar con los recursos necesarios para satisfacerla. *Pesquera Fuentes v. Colón Molina,* supra. Solo podrá cuestionar la cuantía de la pensión, por entender, que es contraria a la prueba recibida o porque sea irrazonable a la luz de las necesidades de los menores. *Pesquera Fuentes v. Colón Molina,* supra. Por otro lado, la información sobre su patrimonio quedará protegida quedando obligado a cubrir el 100% de la pensión adjudicada. *Pesquera Fuentes v. Colón Molina,* supra; *Santiago, Maisonet v. Maisonet Correa,* supra, pág. 571.

Como anticipáramos, cuando uno de los progenitores acepta tener capacidad económica, únicamente resta fijar el monto de la pensión en atención exclusiva a las necesidades del menor. La persona custodia es responsable de evidenciar los gastos razonables de los menores y el estilo de vida del alimentante, para que el tribunal pueda determinar el total de la pensión. La aceptación de capacidad económica es una decisión voluntaria de un padre o madre de cubrir todas las necesidades que en su día se establezcan como parte de una pensión alimentaria. *Díaz Rodríguez v. García Neris, supra; De León Ramón v. Navarro Acevedo,* supra, pág. 176.

**III**

La Regla 52.1 de Procedimiento Civil, *supra,* autoriza nuestra intervención debido a que la controversia que nos ocupa se relaciona con asuntos de familia. El peticionario alega que el TPI erró al presumir que aceptó tener capacidad económica, porque incumplió con el descubrimiento de prueba.

El señor Ramos Rivera niega que incumplió con el descubrimiento de prueba y alega que evidenció sus ingresos. El peticionario, además, invoca su derecho a objetar las preguntas sobre sus estados bancarios y transacciones de ATH Móvil, sin que constituya un incumplimiento. Por último, argumenta que el tribunal le imputó capacidad económica, sin escucharlo y sin ordenarle mostrar causa.

El peticionario tiene razón. No procede imponer la presunción al peticionario de que asumió capacidad económica. El foro primario se equivocó al imponer una sanción tan drástica al peticionario por incumplir con el descubrimiento de prueba. Antes debió sancionar a su representación legal, advertirle directamente de la situación al peticionario e imponerle sanciones económicas a la parte y su representante legal, de no atender las directrices del foro.

Aunque el incumplimiento con el descubrimiento de prueba puede conllevar sanciones drásticas, el TPI debió primero recurrir a advertir al peticionario y otras menos severas, que presumir la capacidad económica del padre. La determinación recurrida obvia la norma establecida de advertir y sancionar en primera instancia a la representación legal del peticionario.

No estamos ajenos a los retos que enfrentan los jueces de salas de familia para conseguir que las partes cumplan con el descubrimiento de prueba que permitirá al juzgador establecer una pensión justa en beneficio de un menor de edad. El procedimiento judicial es uno expedito y el descubrimiento sobre la situación económica del alimentante y alimentista será compulsorio. La PIPE completada y juramentada, u otro documento similar, también juramentado, que contenga toda la información requerida deberá radicarse en la secretaría del tribunal y notificarse a la otra parte con antelación a la vista y sujetará al declarante a las penalidades dispuestas para el delito de perjurio. La radicación del formulario no

constituye excusa respecto de la obligación de las partes de revelar todas las circunstancias que permitan determinar su particular situación económica ni constituye un impedimento para el uso de los mecanismos de descubrimiento de prueba. Advertimos que, cuando se utilicen los mecanismos regulares de descubrimiento de prueba, no se concederán prórrogas para cumplir con los términos establecidos por las Reglas de Procedimiento Civil, excepto mediante la demostración **rigurosa** de justa causa. Las sanciones provistas en las Reglas de Procedimiento Civil, por negarse a descubrir **o por contestar en forma evasiva las preguntas formuladas como parte del procedimiento de descubrimiento de prueba,** serán aplicadas con todo el rigor, incluyendo la imposición de honorarios de abogado. 8 LPRA sec. 515.

No obstante, hemos de enfatizar que la aceptación de capacidad económica es una decisión enteramente voluntaria del alimentante que, impuesta como sanción, tiene efectos severos para el alimentante.

Ahora bien, tomando lo anterior en consideración, de un examen de la Resolución recurrida surge que, el foro recurrido no ha dispuesto de la pensión alimentaria de manera final; ni ha consignado la misma como si hubiese sido impuesta imputando aceptación de capacidad económica al peticionario. Primeramente, la resolución ordena a ambos padres a aportar el 50% de los gastos médicos no cubiertos por el plan, así como los gastos extraordinarios. Y en extremo pertinente, concede un término de cinco (5) días al peticionario para presentar su Planilla de Información Personal y Económica (PIPE).

Estas expresiones denotan que, en efecto, el foro recurrido no ha impuesto la aceptación de capacidad económica. Aunque de ordinario no intervendremos con el ejercicio de la discreción de los tribunales de instancia, en esta ocasión, nos desviamos de la norma

general, entendiendo que el foro primario se equivocó en la interpretación de la norma sustantiva y que nuestra intervención en esa etapa evitará un perjuicio sustancial, así como un atraso en el proceso. Por lo cual, expedimos y revocamos para aclarar que no procede el establecimiento de la presunción de aceptación de capacidad económica.

**IV**

Las razones expuestas nos obligan a expedir el recurso para revocar la resolución recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones